**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-cr-00039-ART-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| ROBERT CARL KINDELL, | |
| Defendant. | |

Before the Court is Defendant Robert Kindell's motion for temporary release under 18 U.S.C. § 3142(i). ECF No. 17. The Government opposes the request. ECF No. 22.

The request for temporary release stems from a February 2023 injury Kindell sustained to his hand while he was working. The injury will require surgery. While detained at Nevada Southern Detention Center, Kindell was seen by Dr. Sorelle who believes measures short of amputation are appropriate in this case. But the doctors Kindell was seeing prior to being detained (Drs. Dooley and Christiansen) believe amputation is appropriate followed by physical therapy. While Dr. Sorelle has already indicated the type of procedure that should be employed, there has been no date scheduled for the procedure. In addition, it is not clear what Dr. Sorelle's position is on post-operation physical therapy.

Moreover, it is not clear whether the procedure Dr. Sorelle recommends will be approved as it requires review through an administrative process through the United States Marshal Services. ECF No. 27. According to the United States Marshal Services, if approved, the procedure would not take place until May or June. Meanwhile, Kindell asserts his condition has worsened and his pain has increased. He also explains attention to this matter is necessary given that his livelihood depends on his ability to perform manual labor. Lastly, Kindell explains that Dr. Christiansen is more familiar with his hand injury given Kindell's previous treatment with him, and that Dr. Christiansen is a worker's compensation provider (such that a surgery with him will not jeopardize his existing workers compensation claim). Dr. Sorelle, on the other hand, has

not treated Kindell before, is recommending a different procedure than Dr. Christiansen, and is not an approved worker's compensation provider. For all these reasons, Kindell requests that he be temporarily released from custody to get the surgery with Dr. Christiansen.

The Government opposes the request. Starting with the text of the statute, it argues there is no "compelling" reason for Kindell's temporary release given that he can get treatment while detained. In this vein, the Government cites to *United Stated v. Knight*, and the cases it relies upon, to argue that the few cases in which defendants have been temporarily released were suffering from very serious—if not terminal –conditions. 452 F.Supp.3d 938, 946 (D. Nev. 2020). Next, it argues that there is no "appropriate person" to whom Kindell can be released. In addition, it does not believe that the proposed release plan is specific or detailed enough. Lastly, it relies on Kindell's criminal history, and the fact that he was most recently indicted for possession of a firearm while on supervised released for bank robbery offenses, to argue that temporary release is not proper.

**I.     ANALYSIS**

Title 18 U.S.C. § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Before this Court can turn to the analysis under 18 U.S.C. § 3142(i), it is essential to look at the overarching structure of the statute. The fundamental precept of the Bail Reform Act mandates the release of individuals so long as the court can be reasonably assured that the defendant does not pose a flight risk or danger to the community. 18 U.S.C. § 3142. To the extent that conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances, the individual must be released, as detention is "the carefully limited exception." *Id.*; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987).

In assessing what conditions, if any, can be fashioned, judges are directed to take into account available information pertaining to the factors identified under 18 U.S.C. § 3142(g). Those factors include the nature and circumstances of the offense charged, including whether it

involves controlled substances or firearms; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the detainee was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g). Ultimately, the information provided in each case aids in the individualized assessment that will result in the release or the detention of the person. If no conditions can be fashioned and the court orders a person detained, 18 U.S.C. § 3142(i) provides an independent mechanism for the temporary release of the person. One of two conditions must be met before the judge may order temporary release: such release must be necessary for preparation of the person's defense or there must exist another compelling reason. 18 U.S.C. § 3142(i).

Since the COVID-19 pandemic, courts have decided many cases under this provision of the statute. Nevertheless, there is not much guidance from the Ninth Circuit as to the application of this portion of the statute or the contours of what constitutes a "compelling reason." This Court has previously issued an order on this issue. *United States v. Cox*, 449 F. Supp. 3d 958 (D. Nev. 2020). There, this Court explained that § 3142(i) cannot be analyzed in a vacuum. *Id.* at 962. Instead, this Court explained that in considering the propriety of temporary release, "the court would need to balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." *Id.* In addition, this Court explained that an individualized analysis of the facts of each case must be undertaken to determine the propriety of temporary release. *Id.* But this Court agrees with Kindell that the statute does not require release "to" an "appropriate person." *Id.* n.2. Lastly, Kindell bears the burden to show that a compelling reason exists. *United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).

### A. Reasons Advanced for Kindell's Release

As alluded to above, Kindell asks for temporary release so that Dr. Christiansen, his long-standing doctor, can amputate his finger—a surgery that is not currently being recommended by

3

Dr. Sorell (the doctor with whom Nevada Southern Detention Center has contracted for Kindell's treatment). Kindell explains that Dr. Christiansen is very familiar with his situation and is also a worker's compensation provider, such that having him perform the surgery will not jeopardize his workers compensation claim. He explains that his condition has worsened, his pain has increased, and that there is no certainty as to when he will have surgery with Dr. Sorell. The Court notes that since the hearing, the United States Marshal Services has informed the Court that the surgery is not a guarantee, requires approval, and—should it be approved—would not take place until May or June of this year.

### B. Risks Previously Identified Resulting in an Order of Detention

First, the Court starts with the reasons underlying Kindell's current detention. Kindell committed a spree of bank robberies in 2001, which resulted in (among other sentences) a 20-year sentence on two federal cases followed by terms of supervised release. There were no issues surrounding his supervision until he was arrested, in August 2023, for being a felon in possession of a firearm. The gun charge triggered the issuance of petitions seeking to revoke his supervised release and a new federal indictment. He immediately surrendered to the United States Probation Office. When he made his initial appearance for the alleged violation of his supervised release, he was ordered detained after a finding under 18 U.S.C. § 3143(a) and Federal Rule of Criminal Procedure 32.1(6) that he had not met his burden to show by clear and convincing evidence that he would not flee or pose a danger to the community.

Next, he made an initial appearance before this Court on the gun charges. By then he had already been detained on the supervised release petitions and, as a result, submitted to detention. This Court found that the Government had not met its burden to show by clear and convincing evidence that no conditions could be fashioned to ensure the safety of the community. This was due to the fact that Kindell's criminal history was dated. But this Court did find that the Government had shown by a preponderance of the evidence that no conditions could be fashioned to mitigate the flight risk Kindell posed. This finding was premised on the fact that Kindell had not interviewed with pretrial services (likely because he was already being detained

on the supervised release petitions) and, as a result, this Court had little information regarding Kindell to be able to fashion conditions of release.

### C. Balancing Test

First, this Court notes that Kindell's criminal history is very serious—but dated. Having said that, the instant case involves the alleged unlawful possession of a firearm, which took place while Kindell was serving his supervised release terms. But, in this Court's opinion, his criminal history and the instant charge would not preclude temporary release. To explain, the danger Kindell may pose to the community could be mitigated with appropriate conditions, especially considering that the release would be very temporary in nature. Moreover, the fact that Kindell self-surrendered in this case (information this Court did not consider during his initial appearance given that he submitted to detention) persuades this Court that he would, once again, self-surrender to Nevada Southern Detention Center after his surgery should he be temporarily released.

In addition, this Court is not persuaded that the medical need must be as grave as in those cases cited by the Government to constitute a "compelling reason." Nevertheless—at this juncture—the situation at hand does not constitute a "compelling reason." That is because Kindell may be able to have his hand treated while in detention. It may not be the treatment he would prefer, and it may jeopardize his worker's compensation claim. But those two factors do not make the situation compelling. The court is cognizant of the importance of his ability to use his hands given that his livelihood is premised on his ability to do manual labor. But as things stand this Court cannot conclude that Kindell will not receive treatment for his injury while detained (or that Dr. Sorell's recommendation is not proper). Nevertheless, in this Court's opinion, the situation has the ability to rise to the level of a "compelling reason" if the surgery is not approved. Kindell is welcome to revisit this issue should that be the case. In the interim, this Court urges the United States Marshal Services to expedite the administrative procedures at play such that Kindell may know as soon as possible whether he will be having surgery and when.

## II. CONCLUSION

**IT IS ORDERED** that Kindell's motion for temporary release at ECF No. 17 is DENIED.

**IT IS ORDERED** that a status check on this case is scheduled for March 29, 2024, at 10 a.m. At that time, the Court will ask that a representative from the United States Marshals Office be present and ready to provide a summary of the steps taken to obtain approval for a surgery, whether approval has been obtained, and, if so, whether the surgery has been scheduled.

DATED this 27th day of February 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE